UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT WILTON COX, JR.,

        Petitioner,

v.                              Case No: 2:13-cv-65-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]

_____

## OPINION AND ORDER

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Robert Wilton Cox, Jr. ("Petitioner") who is presently confined at the South Florida Reception Center in Doral, Florida (Doc. 28, filed April 9, 2015). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered against him by the Twentieth Judicial Circuit Court in Lee County, Florida for burglary and petit theft. Id. Respondent filed a response to the petition (Doc. 32). Petitioner filed a reply (Doc. 39).

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Petitioner raises twenty-three claims in his petition.[2]  Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied. Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted.  See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.   Background and Procedural History

On January 22, 2008, Petitioner was charged by information with burglary of a dwelling, in violation of Florida Statute §§ 810.02 and 777.011 and with grand theft in violation of Florida Statute §§ 812.014 and 777.011 (Ex. 1).[3]  After a jury trial, Petitioner was found guilty of burglary of a dwelling and petit theft (Ex. 2; Ex. 3).  Petitioner was sentenced to fifteen years in prison on count one and to time served on count two (Ex. 4; Ex. 5).   On November 3, 2010, Florida's Second District Court of

---

[2] In his reply, Petitioner concedes that he cannot prove claims two, four, or five (Doc. 39 at 8, 12).  Accordingly, these claims will not be addressed by the Court.  In addition, Petitioner inadvertently numbered two separate claims as sixteen.  These will be referred to as Sixteen(a) and Sixteen(b).

[3] References to exhibits are to those filed by Respondent on August 13, 2015 (Doc. 34).  Citations to the trial transcript, located at Exhibit Two, will be cited as (T. at ___).

Appeal *per curiam* affirmed Petitioner's convictions and sentences (Ex. 8); Cox v. State, 49 So. 3d 241 (Fla. 2d DCA 2010).

Petitioner filed two petitions for writs of habeas corpus in the appellate court alleging that his appellate counsel was ineffective (Ex. 9; Ex. 10). On April 12, 2011, the petitions were denied (Ex. 11); Cox v. State, 59 So. 3d 1142 (Fla. 2d DCA 2011).

On December 10, 2010 Petitioner filed his first motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 12). He subsequently filed an amended Rule 3.850 motion (Ex. 14). The motions were denied by the post-conviction court, and Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 18; Ex. 20); Cox v. State, 95 So. 3d 223 (Fla. 2d DCA 2012).

On August 22, 2012, Petitioner filed a third Rule 3.850 motion which was denied as successive (Ex. 22; Ex. 23). Petitioner appealed, and the appellate court affirmed the denial of all but one of his claims and remanded with directions (Ex. 25); Cox v. State, 113 So. 3d 71 (Fla. 2d DCA 2013). After an evidentiary hearing, the remaining claim was denied (Ex. 27; Ex. 28). The appellate court affirmed (Ex. 36).

Petitioner filed a second state habeas petition alleging ineffective assistance of appellate counsel on October 17, 2012 (Ex. 38). The petition was denied (Ex. 39).

Petitioner signed the instant petition on January 28, 2013 (Doc. 1). The amended petition was filed on April 9, 2015 (Eoc. 28).

## II.  Governing Legal Principles

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions

of the United States Supreme Court at the time the state court issues its decision.  White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case.  White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 556 U.S. at 122.

When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting Wood v. Allen, 558 U.S. 290, 293 (2010)).

**B.  Standard for Ineffective Assistance of Counsel**

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id.  This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13, (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.  In reviewing counsel's performance, a court

must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The foregoing analysis also applies to claims of ineffective assistance of appellate counsel. "A defendant can establish ineffective assistance of appellate counsel by showing: (1)

appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000)).

**C.   Exhaustion and Procedural Default**

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)).   The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750.  If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec' y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); Murray v. Carrier, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray v. Carrier, 477 U.S. 478, 479-80 (1986).   Actual innocence means factual innocence, not legal insufficiency.   Bousley v. United States, 523 U.S. 614, 623 (1998).   To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995).   "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

## III. **Analysis**

### A.   **Claim One**

Petitioner asserts that the trial court erred when it failed to grant his motion for a judgment of acquittal (Doc. 28 at 4). Specifically, he claims that there was insufficient evidence for the state to prove its case because nobody actually saw him enter the victim's garage and steal his property. Id.   He asserts that this "case was decided entirely on circumstantial evidence, and the improper principal instruction." Id.

Respondent contends that although Petitioner presented a sufficiency of the evidence claim on direct appeal, he failed to

present the federal nature of the claim to the state court;
therefore, the federal due process claim he now urges in the
instant petition is unexhausted (Doc. 32 at 7). Indeed, a review
of Petitioner's brief on direct appeal shows that Petitioner framed
his claim and argument in terms of state law only without making
reference to the United States Constitution, federal law, or even
federal cases. Specifically, his brief on appeal argued that
"[c]ircumstantial evidence which leaves uncertain several
hypotheses, any one of which may be sound and some of which may be
[entirely] consistent with innocence, is not adequate to sustain
a verdict of guilt. Even though the circumstantial evidence is
sufficient to suggest a probability of guilt, it is not thereby
adequate to support a conviction if it is likewise consistent with
a reasonable hypotheses if innocence." (Ex. 6 at 10)(citing <u>Davis
v. State</u>, 90 So. 2d 629, 631-32 (Fla. 1956)). Petitioner's state
law argument leaves § 2254(b)(1)'s exhaustion requirement
unsatisfied. <u>Duncan</u>, 513 U.S. at 365-66.

    For a habeas petitioner to fairly present a federal claim to
state courts:

          It is not sufficient merely that the federal
          habeas petitioner has been through the state
          courts . . . nor is it sufficient that all the
          facts necessary to support the claim were
          before the state courts or that a somewhat
          similar state-law claim was made. Rather, in
          order to ensure that state courts have the
          first opportunity to hear all claims, federal
          courts "have required a state prisoner to
          present the state courts with the same claim

he urges upon the federal courts." While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (emphasis added) (internal citations omitted). As part of such a showing, the claim presented to the state courts "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Reedman v. Thomas, 305 F. App'x 544, 545-46 (11th Cir. 2008) (internal citation omitted).

In his reply, Petitioner argues that this case is exhausted because the federal and state standards applicable to the claim are the same (Doc. 39 at 4).  The Supreme Court has made clear that a prisoner does not exhaust federal claims merely by raising similar state claims.  Picard v. Conner, 404 U.S. 270, 277-78 (1971).  Moreover, the legal standard relied upon by Petitioner in his brief is specific to Florida law.[4]  The federal sufficiency

---

[4] While Florida may apply the Jackson standard in resolving an ordinary sufficiency claim, a "special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence," or "predicated chiefly upon circumstantial evidence," Thorp v. State, 777 So.2d 385, 389 (Fla. 2000) (quotation omitted).  It is a rule in Florida that "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." Id. (quotation omitted); Lowe v. State, 90 Fla. 255, 105 So. 829, 830 (1925) (requiring that the evidence

of the evidence standard, set forth in Jackson v. Virginia, 443
U.S. 307 (1979), does not include a requirement that cases turning
on circumstantial evidence exclude every reasonable hypothesis of
innocence. See United States v. Herrera, 931 F.2d 761, 763 (11th
Cir. 1991) (evidence need not exclude every reasonable hypothesis
of innocence or be wholly inconsistent with every conclusion except
that of guilt, provided that a reasonable trier of fact could find
that the evidence established guilt beyond a reasonable doubt)
(citations omitted). Therefore, Petitioner's federal due process
challenge to the sufficiency of the evidence was not fairly
presented to the state court and is unexhausted.[5]

---

be "irreconcilable with any reasonable theory of [the defendant's]
innocence and exclude to a moral certainty every hypothesis but
that of his guilt"). This is the argument Petitioner made in his
appellate brief (Ex. 6).

   [5] Even had Petitioner not relied upon Florida's circumstantial
evidence standard, and had simply challenged the sufficiency of
the evidence under the standard applied in non-circumstantial
cases, which is the same as the federal standard, his argument
would still have been insufficient to alert the state court to a
federal claim, in light of his failure to reference the federal
Constitution or any federal law, and his failure to cite any state
cases relying on federal law. See Pearson v. Sec'y, Dep't of Corr.,
273 F. App'x 847, 850 (11th Cir. 2008) (petitioner's federal
sufficiency of evidence claim was not exhausted where petitioner
cited exclusively to Florida cases in state court and addressed
Florida law in all of his substantive arguments, even though
Florida courts assess sufficiency of evidence under standard
identical to federal standard); Cook v. McNeil, 266 F. App'x 843,
845-46 (11th Cir. 2008) (same); Ramos v. Sec'y, Dep't of Corr.,
441 F. App'x 689 (11th Cir. 2011) (same); but see Mulinix v. Sec'y
for Dep't of Corr., 254 F. App'x 763 (11th Cir. 2007) (petitioner's
federal sufficiency of evidence claim was exhausted where
petitioner presented identical argument to state and federal
courts, and Florida courts' sufficiency of evidence standard was

Petitioner does not satisfy (or even allege) the cause and prejudice, or fundamental miscarriage of justice exceptions to overcome the procedural default of Claim One.  Florida's procedural rules and time limitations preclude a second direct appeal. Fla. R. App. P. 9.140(b)(3) (defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order").  Consequently, Claim One cannot be considered by this Court and is dismissed.

### B.   Claims Three and Sixteen(b)

In Claim Three, Petitioner asserts that trial counsel was ineffective for advising him against testifying at trial (Doc. 28 at 5).  Specifically he claims he would have testified that he stole the victim's property from his driveway rather than his garage, and that this testimony may have persuaded the jury to convict him of trespass instead of burglary. Id.  Claim Sixteen(b) makes the same argument, but Petitioner asserts that he would have testified that he stole the victim's property from his yard instead of his garage. Id. at 15.

---

identical to federal standard); compare Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 462 (11th Cir. 2015) (casting doubt on Mulinix, stating "We think it far more straightforward to simply require that when petitioners intend to bring a federal claim, they say so, in words or substance. We also do not think that this requirement places a particularly onerous burden on state prisoners, who need only indicate to the state courts that they intend to raise a federal claim.").

Petitioner raised this issue in his Rule 3.850 petition, and the post-conviction court denied the claim on the grounds that he had demonstrated neither deficient performance nor prejudice (Doc. 18 at 5-7).  As to Strickland's prejudice prong, the post-conviction court concluded that "a dwelling includes the curtilage of the building or conveyance, and the curtilage of a dwelling includes a driveway." (Doc. 18 at 6) (citing J.E.S. v. State, 453 So. 2d 168 (Fla. 1st DCA 1984)).  Petitioner argues that this was an unreasonable determination of state law because, subsequent to J.E.S., the Florida Supreme Court determined that there must be some form of an enclosure for the area surrounding a home to be considered curtilage (Doc. 39 at 10) (citing State v. Hamilton, 660 So. 2d 1038 (Fla. 1995)).  Notwithstanding the post-conviction court's allegedly erroneous reliance on J.E.S., Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 20).  This Court need not address whether Petitioner has demonstrated prejudice because he has not shown that counsel acted deficiently.  See Evans v. State, 946 So.2d 1, 12 (Fla. 2006) ("[B]ecause the Strickland standard requires establishment of both [deficient performance and prejudice] prongs, when a defendant fails to make a showing as to one prong, it is not necessary to delve into whether he has made a showing as to the other prong.")

A criminal defendant has a "fundamental constitutional right to testify in his or her own behalf at trial," and that "right is

personal to the defendant and cannot be waived either by the trial court or by defense counsel." United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). Deficient performance may be established "where counsel has refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of his right to testify and that the final decision belongs to the defendant alone." Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999). The record does not support a conclusion that either of these situations occurred in the instant case.

There is no question that Petitioner was informed of his right to testify. The trial court asked Petitioner whether he had discussed testifying with counsel (T. at 161-62). When Petitioner said he was "okay" and had no plans to testify, the Court ordered counsel to discuss the issue with Petitioner:

> Whether he wants to or not, you will talk to
> him about whether he wants to testify or not
> in this case. You can have an opportunity to
> do that after we recess for lunch.

Id. at 162. After lunch, the trial court explained to Petitioner that he had the right to remain silent, and asked whether he had adequate time to discuss the issue with counsel. Id. Petitioner affirmed that he voluntarily waived his right to testify. Id.

Because Petitioner voluntarily waived his right to testify and was not coerced to do so, the relevant question under Strickland's performance prong is whether any reasonable lawyer

could have advised Petitioner against testifying, even if defense counsel was not subjectively motivated by those reasons. See Chandler v. United States, 218 F.3d 1305, 1315 & n. 16 (11th Cir. 2000) (explaining that "[t]he reasonableness of a counsel's performance is an objective inquiry," which asks "whether some reasonable lawyer could have conducted the trial in that manner" and requires a petitioner to show that "no competent counsel would have taken the action that his counsel did take"); Harrington v. Richter, 562 U.S. 86, 110 (2011) ("Strickland . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.").

Petitioner now admits that he stole the victim's property, but argues that defense counsel should have advised him to testify at trial that he stole the property from the victim's driveway or yard, not his garage. That way, he may have been convicted of trespass instead of burglary (Doc. 28 at 5). At trial, defense counsel strenuously argued that because nobody actually observed Petitioner enter the garage and nobody could actually verify that the lawn tools in Petitioner's possession were the same as those missing from the victim's garage, the state did not meet its burden of proof on the burglary charge (T. at 189-99).[6] Reasonable counsel could have strategically determined that allowing

---

[6] Trespass was not listed on the verdict form as a lesser included offense of the burglary charge (T. at 220).

Petitioner to testify that he had stolen the victim's property, albeit not from his garage, would have weakened his chance for an acquittal on the burglary charge and guaranteed a conviction if the jury concluded that Petitioner had entered the victim's garage to steal the property. Indeed, Petitioner admits that counsel informed him that his testimony would hurt his defense because counsel believed the state had not adequately proven its case (Doc. 28 at 15).

Given the circumstantial nature of the case against Petitioner, he cannot establish that "no competent counsel" would have advised him not to take the stand, Chandler, 218 F.3d at 1315, particularly since the state would have challenged his credibility on cross-examination and the jury would have learned that he had several prior felony convictions (Ex. 4); Teague, 953 F.2d at 1533 n.9 ("There are good tactical reasons why it might not be best for the defendant to testify in some circumstances. Some examples might be if the defendant might provide evidence of missing elements of the crime on cross-examination, if the defendant might be prejudiced by revelation of prior convictions, or if the prosecutor might impeach the defendant using a prior inconsistent statement.").

The state appellate court did not unreasonably apply Strickland when it denied Petitioner's motion for post-conviction

relief on this ground. Claims Three and Sixteen(b) are denied pursuant to 28 U.S.C. § 2254(d).

### C. Claim Six

In Claim Six, Petitioner asserts that trial counsel was ineffective for failing to object to the principal instruction "where no evidence supported aiding and abetting theory of guilty[.]" (Doc. 28 at 7). Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court agreed that the principal instruction should not have been read to the jury, but denied the claim because Petitioner could not demonstrate Strickland prejudice:

> A principal jury instruction should not be given to the jury unless the evidence supports that a defendant had a conscious intent that a crime be committed, and also that the defendant performed some act or said a word intended to incite another person to commit the crime. Masaka v. State, 4 So. 3d 1274 (Fla. 2d DCA 2009)(citing Wells v. State, 967 So. 2d 418 (Fla. 1st DCA 2007)).
>
> Furthermore, the mere presence at a crime scene, without more, is insufficient to support the reading of a principal instruction to the jury. Wells, at 419 (citing Shuler v. State, 801 So. 2d 1055 (Fla. 1st DCA 2001)). However, to constitute reversible error, the unnecessary instruction "must, under the circumstances of the case, be capable of misleading the jury in such a way as to prejudice the defendant's right to a fair trial." Lewis v. State, 693 So. 2d 1055, 1057 (Fla. 4th DCA 1997).
>
> Defense counsel, when discussing with the Court during the charge conference the principal jury instruction, stated "[t]here

was no evidence, but it is charged in the information, so I don't have an objection."

Indeed, neither the defense nor the State produced any evidence that the Defendant performed some act or said some word intended to influence another person to commit the crime. Likewise, the State did not proffer any argument during trial as to this point, nor was there ever any mention of a co-suspect or any individual that was part of the burglary. Other than the information and the principal instruction given by the Court, the jury was given no argument or information pertaining to whether or not the Defendant acted as a principal, and in fact, other than the jury instructions neither side address[ed] the principal theory to the jury.

While it is true that there is no evidence or arguments in the record to justify the reading of the principal instruction to the jury, this error was not prejudicial to the Defendant as the jury did not have to address this issue. The Defendant was seen on the victim's property, heading towards the garage, then seen coming back from the garage area carrying the edger. The Defendant had no permission to be on the victim's property or to take the victim's edger. Furthermore, Defendant stated in his sworn postconviction motion that he took the property.

Because the jury found the Defendant personally guilty of the burglary, the principal theory is irrelevant; therefore, Defendant has failed to demonstrate prejudice as it relates to Ground Six because he has not demonstrated that the instruction mislead the jury in a prejudicial manner.

(Ex. 18 at 12-13) (internal citations to the record omitted).

Florida's Second District Court of Appeal *per curiam* affirmed (Ex.

20). This Court agrees that Petitioner cannot demonstrate

prejudice from the inclusion of the extraneous instruction.

As noted by Petitioner, "[t]here was no evidence introduced at trial that Petitioner aided or abetted another or spoke a word to encourage or entice another to commit the crime[.]" (Doc. 28 at 7-8). To the contrary, the only evidence admitted at trial was witness testimony that Petitioner was observed in the general area of the victim's open garage shortly before he was observed leaving the area with a piece of lawn equipment identified as belonging to the victim (T. at 112-42). Therefore there is "no possibility that the jury convicted [Petitioner] on the basis of the extraneous elements interjected by the jury charge." United States v. Ylda, 653 F.2d 912, 915 (5th Cir. 1981).[7] Simply put, no reasonable jury would have been influenced by a jury instruction on a non-existent theory of liability and Petitioner has not demonstrated Strickland prejudice. United States v. Hornaday, 392 F.3d 1306, 1316–17 (11th Cir. 2004) (citing Kotteakos v. United States, 328 U.S. 750 (1946), and applying the harmless error test enunciated in that case to a situation where, as here, jury was improperly instructed on a non-existent theory of aiding and abetting and prosecution argued that theory in closing argument).

The state court's denial of relief on Claim Six was neither contrary to, nor an unreasonable application of, Strickland, and

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted the case law of the former Fifth Circuit handed down as of September 30, 1981

Petitioner is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

**D.   Claim Seven**

Petitioner asserts that trial counsel was incompetent for failing to move for a continuance to complete a psychological evaluation (Doc. 28 at 8). Petitioner raised the issue of the trial court's failure to hold a competency hearing in his second Rule 3.850 motion (Ex. 22). An evidentiary hearing was held, after which the post-conviction court concluded that counsel's performance was not deficient for failing to seek a competency hearing:

> Pursuant to Thompson v. State, 88 So. 3d 312 (Fla. 4th DCA 2012), in order to properly allege incompetence, a defendant "must allege specific facts showing that a reasonably competent attorney would have questioned competence to proceed." Id. at 319. Particularly, a defendant must demonstrate that he lacked sufficient present ability to consult with his or her counsel with a reasonable degree of rational understanding and whether he or she had a rational, as well as factual, understanding of the pending proceedings. Id. With regards to prejudice, "[t]he focus of the prejudice inquiry is on actual prejudice, whether, because of counsel's deficient performance, the defendant's substantive due process right not to be tried while incompetent was violated." Id. Furthermore, a defendant must "set forth clear and convincing circumstances that create a real, substantial and legitimate doubt as to the movant's competency." Id. Notably, there is no presumption of incompetency in post-conviction proceedings." Id. at 320.

While Ms. Calvo testified that she did not believe that an evaluation was performed based on the 2008 rule 3.216 motion, over a year had passed from the order granting the motion till the actual trial, and during that time she had taken over representation of the Defendant. Ms. Calvo, not Ms. Fletcher or Mr. Levine, represented Defendant at trial, and it was her belief that Defendant had the then present ability to consult with her and the understanding of the pending proceedings. Nothing in her testimony indicated that she was in the least bit concerned about Defendant's competency to proceed. It was her professional opinion that no competency evaluation was needed to assist her in her defense of the Defendant, let alone to move the Court for a full-fledged competency hearing pursuant to rule 3.210. The Court, having had the opportunity to observe the witness' demeanor and to judge the credibility of her testimony, finds Ms. Calvo's unrebutted testimony to be credible.

Defendant presented no evidence at the evidentiary hearing that he lacked the then sufficient present ability to consult with his counsel with a reasonable degree of rational understanding or that he lacked a rational, as well as factual, understanding of the pending proceedings. Furthermore, he presented no evidence that he was actually incompetent to proceed at the time of trial. Accordingly, Defendant has failed to meet his burden to demonstrate either ineffective assistance or prejudice.

(Ex. 28 at 7-9). Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 36). The record supports the state court's conclusions.

A defendant is competent to stand trial if he possesses: (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; and (2) a rational

and factual understanding of the proceedings against him. <u>Dusky v.</u> <u>United States</u>, 362 U.S. 402 (1960); Fla. R. Crim. P. 3.211(a)(1). "Due process requires that an adequate hearing be held on competency when the evidence raises a 'bona fide doubt' as to [a] defendant's competency to stand trial." <u>Sheley v. Singletary</u>, 955 F.2d 1434, 1438 (11th Cir. 1992); <u>Pate v. Robinson</u>, 383 U.S. 375, 385-86 (1966) (A trial judge must conduct a sua sponte sanity hearing only when the defendant's conduct and the evidence raises a "bona fide doubt" regarding the defendant's competence to stand trial.).

Nothing in the record approaches the threshold of raising a bona fide doubt about Petitioner's competency.  At the evidentiary hearing, defense counsel testified that she met with Petitioner prior to trial and had no concerns about his competency (Ex. 27 at 32). Moreover, under <u>Strickland</u>, even if trial counsel's failure to raise the issue of competence to the trial court was unreasonable, counsel's performance would only be constitutionally ineffective upon a showing of prejudice, which requires evidence that Petitioner was actually incompetent during the relevant time period. In <u>Futch v. Dugger</u>, 874 F.2d 1483 (11th Cir. 1989), the United States Court of Appeals for the Eleventh Circuit considered an ineffective assistance claim regarding trial counsel's failure to determine a defendant's competency to stand trial. The court stated, that "[i]n order to demonstrate prejudice from counsel's

failure to investigate his competency, [a] petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'" Id. at 1487 (quoting Alexander v. Dugger, 841 F.2d 371, 375 (11th Cir. 1988)).

Petitioner does not claim that he was actually incompetent to stand trial; rather, he argues only that, had counsel requested a competency hearing, "this issue would have been preserved for appellate review." (Doc. 28 at 8).  This argument is unavailing. A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.  He cannot satisfy the second prong of Strickland with mere speculation and conjecture, Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992).  Petitioner has not presented evidence that, even had counsel requested a competency hearing, one would have been granted or that Petitioner would have been found incompetent to proceed.

This claim fails to satisfy either Strickland prong and is denied pursuant to 28 U.S.C. § 2254(d).

E.  Claim Eight

Petitioner asserts that trial counsel was ineffective for failing to object to the trial court's use of the 1997 version of the jury instruction on burglary of a dwelling and for failing to object to the prosecutor's improper argument that a garage is part

of a house[8] (Doc. 28 at 9).   Petitioner asserts that, since his crime was committed in 2007, he was entitled to a reading of the 2007 instruction which "did not include garage as a part of the dwelling." Id.   He claims that he suffered prejudice because the instruction and the prosecutor's argument "invaded the jury's province to exercise its powers to convict of a lesser-included offense." Id.[9]

Petitioner raised these claims in his Rule 3.850 motion, and they were denied by the post-conviction court (Ex. 18 at 15-18). Specifically, the court concluded that the 2007 jury instruction was read to the jury and that the court had misspoken when it stated that it would read the 1997 version. Id. at 16.[10]   The post-

---

[8] During closing argument, the prosecutor argued that an attached garage "is an attached portion of the house." (T. at 184).

[9] Petitioner urges that without these alleged errors, the jury may have found him guilty of burglary of a "structure" instead of burglary of a "dwelling."   However, a jury is allowed to consider a lesser-included offense only if it decides that the main accusation was not proven beyond a reasonable doubt. Sanders v. State, 946 So. 2d 953, 958 (Fla. 2006).   Presumably, the jury found Petitioner guilty of burglary of a dwelling beyond a reasonable doubt. See United States v. Powell, 469 U.S. 57, 66 (1984) noting that "[j]urors, of course, take an oath to follow the law as charged and they are expected to follow it."). A defendant has no entitlement to an aberrant jury- "the luck of a lawless decision maker." Strickland, 466 U.S. at 695.

[10] Outside the presence of the jury, the parties discussed whether the court should read the 2007 version or the 2009 version of the jury instruction on burglary of a dwelling.   The 2009 version defines an attached garage as part of a dwelling whereas the 2007 version does not.   Counsel cited a 1997 case in support of her argument that the 2007 version should be read.   Immediately

conviction court also concluded that, even prior to 2007, Florida courts have recognized that an attached garage constitutes the curtilage of a dwelling (Ex. 18 at 17) (citing McAllister v. State, 859 So. 2d 611 (Fla. 1st DCA 2004) and Mack v. State, 901 So. 2d 414 (Fla. 3d DCA 2005)).  Therefore, the court concluded that the state made a proper argument to the jury that they could find an attached garage to be a dwelling. Id.  The post-conviction court's conclusion was affirmed by Florida Second District Court of Appeal (Ex. 20).  A review of the record supports the state court's conclusions.

In its charge to the jury, the trial court defined a "dwelling" as:

> [A] building of any kind, including an attached porch, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of grounds and outbuildings.

(T. at 204).  Notably, contrary to Petitioner's assertion otherwise, the jury instruction does not specifically include "garage" as an example of a dwelling. However, even prior to 2007, an attached garage was considered to be a portion of a dwelling; therefore the prosecutor's argument was not improper and defense

---

thereafter, the Court stated that "I am going to give the 1997 instruction." (T. at 168-80).  Given that the trial court actually read the 2007 version and the 1997 jury instruction was never at issue, it was reasonable for the post-conviction court to conclude that the trial court merely misspoke when it stated that it would read the 1997 jury instruction.

counsel had no ground to object. See McAllister v. State, 859 So.2d 611, 612 (Fla. 1st DCA 2003) (burglary of a garage which is attached to a house is burglary of a dwelling).

Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor).  Claim Eight is denied pursuant to 28 U.S.C. § 2254(d).

**F.   Claims Nine, Fifteen, and Twenty-Two**

In Claim Nine, Petitioner asserts that trial counsel was ineffective for failing to object to the state's failure to give notice of its intent to rely on a business record from the Florida Department of Corrections to support Petitioner's enhanced sentencing as a prison release reoffender (Doc. 28 at 9-10).  In particular, Petitioner asserts that a recent Florida Supreme Court decision held that a release date letter was inadmissible hearsay, and counsel's failure to object to its admission subjected him to a mandatory prison sentence. Id.  In Claim Fifteen, Petitioner asserts that trial counsel was ineffective for failing "to move

for a Richardson[11] hearing based upon the state's failure to provide notice and apprise the defense of the specific prior conviction which would be relied upon to establish [his] prison releasee reoffender status." Id. at 14.   In Claim Twenty-Two, Petitioner asserts that appellate counsel was ineffective for failing to argue on direct appeal that a sentencing error occurred when the state failed to provide written notice of its intent to use the letter from the Office of Executive Clemency. Id. at 19-20.

Petitioner raised Claim Nine in his Rule 3.850 motion, and the post-conviction court denied the claim on the ground that the state provided notice of its intent to rely on a business record (Ex. 18 at 18).   The post-conviction court also noted that the record to which Petitioner objected was not a "release-date" letter from the Department of Corrections as Petitioner contended, but rather a letter from the Office of Executive Clemency that stated that Petitioner had not been pardoned for his prior offenses. Id. Furthermore, the other record provided by the Department of Corrections "was a DC14 computer data record of the Defendant's prior incarcerations." Id.   The Court concluded that all of the records offered to support Petitioner's enhanced sentence were admissible. Id.   Florida's Second District Court of Appeal

---

[11] Richardson v. State, 246 So. 2d 771 (Fla. 1971).   A Richardson hearing is held to determine whether the state committed a discovery violation in contravention of the Florida Rules of Criminal Procedure and, if so, whether the non-compliance resulted in prejudice to the defendant's ability to prepare for trial.

affirmed (Ex. 20).  Petitioner has not demonstrated that the state court's rejection of Claims Nine or Fifteen[12] was contrary to <u>Strickland</u> or based upon an unreasonable determination of the facts.

The state filed a "Notice of Intent to Rely upon Certification of Business Record" on October 13, 2009 (Ex. 18 at exhibit B). Accordingly, the state did not fail to give notice as Petitioner alleges.  In addition, Petitioner's reliance on <u>Yisreal v. State</u>, 993 So. 2d 952 (Fla. 2008) is unavailing.  In that case, the Florida Supreme Court held that a Department of Corrections release-date letter, by itself, is not admissible under the business records exception. <u>Id.</u> at 955.  However, a review of the sentencing transcript indicates that the exhibits offered by the state to prove his qualification as a prison releasee reoffender were his criminal history report from Pennsylvania and a letter from the Office of Executive Clemency indicating that he had not been pardoned (Ex. 4).  Reasonable counsel could have concluded that <u>Yisrael</u> provided no grounds for objection. <u>See Yisrael</u>, 993 So. 2d at 960-61 (holding that department of corrections records

---

[12] Claim Fifteen was not properly exhausted.  However, it can be denied on the same grounds as Claim Nine. <u>See</u> 28 U.S.C. § 2254(B)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

can together be used to render an entire report admissible as a public record).

Finally, Petitioner does not claim that he does not qualify as a prison release reoffender. Had counsel objected, the state would have been allowed to present additional evidence to prove that Petitioner qualified for prison releasee sentencing. See Newby v. State, 17 So. 3d 917 (Fla. 4th DCA 2009). Accordingly, even if counsel's performance was deficient for failing to object to the documents or to request a Richardson hearing, Petitioner cannot demonstrate resulting prejudice.

Finally, because the state court did not use impermissible hearsay evidence at Petitioner's sentencing hearing, appellate counsel could not have been ineffective for failing to raise such a claim on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (appellate counsel not ineffective for failing to raise meritless claims).

The state court's denial of these claims was neither contrary to Supreme Court precedent nor based upon an unreasonable determination of the facts. Accordingly, Claims Nine, Fifteen, and Twenty-Two do not warrant federal habeas relief.

**G. Claim Ten**

Petitioner asserts that trial counsel was ineffective for failing to file a motion to dismiss the charge of burglary of a

dwelling because the information was not based on sworn written testimony (Doc. 28 at 10-11).

Petitioner raised this claim in his Rule 3.850 motion, and the post-conviction court denied the claim as follows:

> A defendant who asserts an ineffective assistance of counsel claim based on trial counsel's failure to file a motion to dismiss a defective information must allege, in good faith, that there were "any circumstance[s] which would have prevented the State from simply refiling an amended information which was sufficient." Sampson v. State, 793 So. 2d 149, 150 (Fla. 2d DCA 2001). Defendant has failed to allege such circumstances; therefore, Ground [Ten] is facially insufficient. In any event, after review of the record, the information is not defective, as there were sworn statements from material witnesses. See attached hereto copies of the sworn statements of Eric Mowls and Jon Tellin. Therefore, Ground Ten of Defendant's motion is refuted by the record, and is therefore without merit.

(Ex. 18 at 19). The post-conviction court's denial of this claim was affirmed by Florida's Second District Court of Appeal (Ex. 20).

Petitioner does not identify any defect in the state court's adjudication of this claim. Rule 3.140(g) of the Florida Rules of Criminal Procedure requires that the state attorney or a designated assistant state attorney sign a felony information under oath affirming good faith in instituting the prosecution and certifying the receipt of testimony under oath from the material witness or witnesses to the offense. The information in

Petitioner's case charges burglary of a dwelling and grand theft (Ex. 18 at exhibit A).  The information includes the signature and oath of an assistant state attorney required under Rule 3.140(g). Id.  Consequently, counsel had no basis on which to object to the information. See Jones v. Barnes, 463 U.S. 745, 751 (1983) (trial counsel has no duty to raise a frivolous claim).  Moreover, Petitioner cannot show prejudice because even had counsel filed a motion to dismiss a defective information, it would not have prohibited further proceedings against him in connection with the charges because the state would merely have proceeded upon an amended information. See Alba v. State, 541 So. 2d 747, 748 (Fla. 3d DCA 1989) ("Clearly, the fact that the defendant was tried upon an unsworn Information does not rise to such a level of error which would entitle the defendant to a complete release from the charges brought against him.").

Claim Ten fails to satisfy either prong of Strickland, and is denied pursuant to 28 U.S.C. § 2254(d).

## H.  Claims Eleven, Twelve, and Sixteen(a)

In Claim Eleven, Petitioner asserts that his information was fundamentally defective because "[t]he information merely cited the statutes for principal and attempt but fail[ed] to allege in the information either[.]" (Doc. 28 at 11).  In Claim Twelve, Petitioner asserts that he was denied due process because the jury was instructed on the principal theory of burglary "when there was

no evidence another suspect was involved." Id. at 12. In Claim Sixteen(a) Petitioner asserts that the information did not specifically charge him with being a prison releasee reoffender (Doc. 28 at 14). Petitioner raised these claims in his second Rule 3.850 motion (Ex. 22) where they were denied as procedurally barred by the post-conviction court (Ex. 23). The denial was affirmed by Florida's Second District Court of Appeal (Ex. 25).

As noted above, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). Petitioner does not attempt to explain why he failed to raise these claims in state court in a procedurally correct manner.

Petitioner has not demonstrated cause and prejudice for his failure to properly exhaust these claims; nor has he presented new and reliable evidence to demonstrate the applicability of the actual innocence exception. Claims Eleven, Twelve, and Sixteen(a) are dismissed as procedurally barred.

## I. Claim Thirteen

Petitioner asserts that trial counsel was ineffective for failing to challenge at sentencing that there was no special

verdict form to show that a completed offense was committed as opposed to an attempted offense (Doc. 28 at 12). Petitioner appears to urge that, had the jury found only an attempted burglary, he could have received a lighter prison sentence. Id. at 12-13. Petitioner raised this claim in his second Rule 3.850 motion where it was denied as procedurally barred by the post-conviction court (Ex. 23). The denial was affirmed by Florida's Second District Court of Appeal (Ex. 25).

Petitioner makes no attempt to explain or justify his failure to properly exhaust this claim. However, in his reply, Petitioner asserts that, based on the Supreme Court's holding in Martinez v. Ryan, he is not required to do so (Doc. 39 at 2). In Martinez v. Ryan, 132 S. Ct. 1309 (2012), the United State Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320.[13] Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial"

---

[13] In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013).

-- that is, that it has "some merit" before the procedural default can be excused.  132 S. Ct. at 1318-19.

Petitioner does not explain how or why a jury should have been required to specifically notate that it found Petitioner guilty of the <u>completed</u> crime of burglary. Petitioner was not charged with attempted burglary; the evidence presented at trial showed only a completed offense; and the jury found Petitioner guilty of burglary, not attempted burglary.  Reasonable counsel could have failed to ensure that the verdict form require the jury to explicitly specify that it found Petitioner guilty of a completed burglary.

Claim Thirteen is dismissed as unexhausted because it is not "substantial" and does not fall within <u>Martinez'</u> equitable exception to the procedural bar.  Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim.

### J.   Claim Fourteen

Petitioner asserts that counsel was ineffective for failing to request a lesser included offense of attempt to commit burglary (Doc. 28 at 13).  He urges that, although witnesses saw him with the victim's property, these witnesses did not actually see him inside the Petitioner's garage. <u>Id.</u>  He asserts that, had counsel requested a lesser included offense of attempted burglary, "the jury may have rendered a verdict on attempted burglary and there

is a reasonable possibility the outcome would have been different[.]" Id.  Petitioner raised this claim in his second Rule 3.850 motion where it was denied as procedurally barred by the post-conviction court (Ex. 23).  The denial was affirmed by Florida's Second District Court of Appeal (Ex. 25).  Accordingly, Petitioner has failed to properly exhaust this claim.  Upon review, the Court concludes that the claim is not "substantial" under Martinez.

The Eleventh Circuit has addressed ineffective assistance of counsel claims in which a petitioner argued that counsel was ineffective for completely failing to request a lesser included instruction and held that:

> [A]ssertions that [Petitioner] would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation-speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense.

Harris v. Crosby, 151 F. App'x 736, 738 (11th Cir. 2005). The Eleventh Circuit has further determined that, if the record evidence was sufficient to convict a defendant on the greater offense, then that defendant could not show resulting prejudice from counsel's failure to request instructions on a lesser included offense. Magnotti v. Sec'y, Dep't of Corr., 222 F. App'x 934, 940 (11th Cir. 2011).  The Florida Supreme Court has specifically

determined that "a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied." Sanders v. State, 946 So.2d 953, 960 (Fla. 2006).

At trial the state presented witness testimony that Petitioner was observed in the general area of the victim's garage shortly before he was observed leaving the area with a piece of lawn equipment identified as belonging to the victim (T. at 112-42). The record evidence was sufficient to find Petitioner guilty of burglary. See discussion supra Part III(E). Accordingly, Petitioner does not show that this claim is substantial so as to invoke Martinez' equitable exception to the procedural bar. Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim. Ground Fourteen is dismissed.

### K. Claims Seventeen and Twenty

In these claims, Petitioner asserts that appellate counsel was ineffective for failing to argue that the trial court erred by not conducting a competency hearing (Doc. 28 at 15-16, 18). Specifically, he argues that defense counsel filed an "ex-parte motion to appoint expert, and stated a good faith belief the appointment of an expert to assist in the preparation of defense where reasonable grounds exist to believe [Petitioner] may be incompetent to proceed and an expert was necessary to conduct [an]

evaluation." (Doc. 28 at 15).[14]  Petitioner raised this claim in his state petition for writ of habeas corpus where it was denied by the appellate court without discussion (Ex. 10; Ex. 11).

First, the Court notes that this issue was not specifically preserved for appellate review.  Appellate counsel cannot be deemed ineffective for failing to raise an issue that was not preserved for appeal. Freeman v. State, 761 So. 2d 1055, 1069 (Fla. 2000) ("[I]neffective assistance of [appellate] counsel cannot be argued where the issue was not preserved for appeal or where the appellate attorney chose not to argue the issue as a matter of strategy."); Farina v. Sec'y, Fla. Dep't of Corr., 536 F. App'x 966, 974 (11th Cir. 2013) ("[A]ppellate counsel cannot be ineffective under Florida law for failing to raise an unpreserved error[.]").

Next, Petitioner cannot demonstrate prejudice because, even had Petitioner raised this claim on direct appeal, it would not have been successful.  In his second Rule 3.850 motion, Petitioner

---

[14] Petitioner appears to refer to the trial court's form "Order Appointing Expert for Competency Evaluation" which contains the standard verbiage "the court having reasonable grounds to question the Defendant's competency to proceed[.]" (Ex. 10 at 29). Petitioner cites to Florida cases indicating that in some circumstances such verbiage, standing alone, is sufficient to require the trial court to conduct a competency hearing (Doc. 39 at 29-30) (citing Lee v. State, 145 So. 3d 953 (Fla. 5th DCA 2014); Carrion v. State, 859 So. 2d 563, 565 (Fla. 5th DCA 2003)). However, neither of these cases deal with Rule 3.216 of the Florida Rules of Criminal Procedure, the Rule at issue in the instant claim.

argued that his "right to due process was violated when he was taken to trial without a constitutionally adequate competency hearing to determine his competence to stand trial[.]" (Ex. 22 at 15). This is the same claim Petitioner now asserts that appellate counsel should have raised on direct appeal. The post-conviction court denied the claim as procedurally barred, but Florida's Second District Court of Appeal remanded for an evidentiary hearing (Ex. 25). An evidentiary hearing was held (Ex. 27). Afterwards, the post-conviction court concluded that defense counsel had filed the motion for the appointment of counsel pursuant to Rule 3.216 of the Florida Rules of Criminal Procedure (Ex. 28 at 5).[15] The post-conviction court further determined that nothing in the rule made it mandatory for a court to hold a competency hearing merely because defense counsel filed a Rule 3.216(a) motion. Id. at 7.

---

[15] Under this rule:

> When in any criminal case a defendant is adjudged to be indigent or partially indigent, and is not represented by the public defender or regional counsel, and counsel has reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense or probation or community control violation, counsel may so inform the court who shall appoint 1 expert to examine the defendant in order to assist counsel in the preparation of the defense. **The expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.**

Fla. R. Crim. P. 3.216(a) (emphasis added).

Finally, the Court noted that trial counsel testified at the evidentiary hearing that she had no doubts as to Petitioner's competency to proceed and that she would have requested a competency hearing had she harbored any such doubts. Id.

Petitioner appealed the post-conviction court's adjudication of this claim, and it was affirmed by Florida's Second District Court of Appeal (Ex. 33; Ex. 36). Accordingly, the appellate court has already answered the question of what would have happened had appellate counsel raised the instant competency question on direct appeal – it would have been denied. These claims fail to satisfy either prong of Strickland and are denied pursuant to 28 U.S.C. § 2254(d).

### L.  Claims Eighteen and Nineteen

In Claim Eighteen, Petitioner asserts that appellate counsel was ineffective for failing to argue on direct appeal that the charging information was fundamentally defective because "the information did not charge Mr. Cox that the jury could be instructed on principal or attempt." (Doc. 28 at 16). In Claim Nineteen, Petitioner argues that appellate counsel was ineffective for failing to argue on direct appeal that he was denied due process when the "information was constructively amended that allowed a conviction of a crime not charged." (Doc. 28 at 17). In both claims, Petitioner appears to believe that appellate counsel should have argued on direct appeal that the information was

constructively amended when the jury was instructed on the theory principals and the lesser included charge of attempted burglary.

These claims of ineffective assistance of appellate counsel are groundless.  First, the Court notes that this issue was not preserved for appeal. See discussion supra Part III(K) (explaining that appellate counsel cannot be deemed ineffective for failing to raise an issue that was not preserved for appeal).  Next, attempted burglary is not a necessary lesser-included offense of burglary; the jury was not instructed on the offense of attempted burglary (T. at 202-07); and Petitioner was not found guilty of attempted burglary. See Fla. R. Crim. P. 3.510a) ("The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense.").  Finally, the information references Florida Statute § 777.011 which is the statute governing principal liability.  An information which "references a specific section of the criminal code" sufficiently detailing "all the elements of the offense" may support a conviction when the information otherwise fails to include an essential element of the crime, DuBoise v. State, 520 So.2d 260, 265 (Fla. 1988).

No "constructive amendment" of the information resulted from the reading of the attempted burglary instruction (because no attempted burglary instruction was read) or from the principal instruction (because principal liability was charged in the

information).   <u>Nyhuis</u>, 211 F.3d at 1344.   Claims Eighteen and Nineteen are denied pursuant to 28 U.S.C. § 2254(d).

**M.   Claim Twenty-one**

Petitioner asserts that appellate counsel was ineffective for failing to argue that he was convicted of the uncharged crime of burglary of an occupied dwelling (Doc. 28 at 19).   Petitioner raised this claim in his state habeas petition for writ of habeas corpus, and it was denied (Ex. 9; Ex. 10; Ex. 11).

Petitioner was charged with burglary of a dwelling (Ex. 1 at 1) (stating that Petitioner "did unlawfully enter or remain in a certain structure, to-wit: a dwelling[.]").   The jury was instructed on burglary of a dwelling; the jury was <u>not</u> instructed on burglary of an occupied dwelling (T. at 203-04).   There is no finding on the verdict form that the dwelling was occupied (Ex. 3).   Reasonable appellate counsel would have no reason to argue that Petitioner was convicted of an uncharged crime. This claim is denied pursuant to 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   **Certificate of Appealability**[16]

---

[16] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." <u>Id.</u>   As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ACCORDINGLY, it is hereby **ORDERED**:

1.   The Florida Attorney General is dismissed from this action.

2.   Claims One, Thirteen, and Fourteen are dismissed as unexhausted and procedurally barred.  All remaining claims are **DENIED**.

3.   Petitioner is **DENIED** a certificate of appealability.

4.   The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___12th___ day of November, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Robert Wilton Cox, Jr.
Counsel of Record